## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                          **CAUSE NO. 1:23CR134-LG-BWR-1**

**STEVEN HOWSE**

## ORDER GRANTING DEFENDANT'S MOTION FOR
## PSYCHIATRIC EXAMINATION AND COMPETENCY HEARING

**BEFORE THE COURT** is the [50] Motion filed pursuant to 18 U.S.C. § 4241(a) for a psychiatric or psychological examination and a hearing to determine Defendant Steven Howse's mental competency.  The Court, having considered the Motion and the arguments of counsel made at the hearing held on April 8, 2025, hereby orders as follows:

1. The Court, based on the representations of Counsel for Defendant, finds reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent as defined in 18 U.S.C. § 4241(a).  As such, the Court will promptly schedule this matter for a competency hearing after receipt of the report provided for herein.

2. The Government has demonstrated it is necessary to commit Defendant to the custody of the Attorney General for an inpatient examination.  Specifically, Defendant violated the conditions of his release by using a controlled substance as defined in 21 U.S.C. § 802.  The Court finds that the use of a controlled substance could interfere

with psychological or psychiatric examination. Defendant also violated his conditions of release by failing to meet curfew on more than one occasion. These violations call into question Defendant's future compliance with conditions of release.

3. Pursuant to § 4247, Defendant shall be transported and committed to the custody of the Attorney General for placement in a suitable facility designated to perform the evaluation. Unless impracticable, the examination shall be conducted in a suitable facility closest to the Court. Defendant shall be committed to the Attorney General's custody "for a reasonable period, but not to exceed thirty days." *See* 18 U.S.C. § 4247(b). "The director of the facility may apply for a reasonable extension, but not to exceed fifteen days . . . upon a showing of good cause that additional time is necessary to observe and evaluate the defendant." *Id.*

4. The examiner who conducts such examination shall, pursuant to 18 U.S.C. § 4247(c), file with the Court as soon as possible after the completion of such examination, a report of the examination with copies provided to counsel for the defendant and counsel for the United States, and said report shall include:

   a) Defendant's history and present symptoms;

   b) a description of the psychiatric, psychological, and medical tests that were employed and their results;

c) the examiner's findings; and

d) the examiner's opinions as to diagnosis, prognosis, and whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

5. Upon receipt of the psychological or psychiatric examination report, Defendant shall be returned to the custody of the United States Marshal where he shall remain until further order of this Court.

6. Counsel for Defendant shall review the report and advise the Court whether additional testing is necessary.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's [50] Motion for a Psychiatric Examination and Competency Hearing is **GRANTED**. An inpatient psychological or psychiatric examination of Defendant shall be conducted pursuant to 18 U.S.C. § 4247(b), and a report shall be prepared pursuant 18 U.S.C. § 4247(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court will schedule a competency hearing after receipt of all psychological or psychiatric reports.

**SO ORDERED AND ADJUDGED** this the 8th day of April, 2025.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE